UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BRIDGE MANUFACTURING
COMPANY,

      Plaintiff and Counter-Defendant,

v.
                                            Case Number: 08-14315
                                            Honorable Julian Abele Cook, Jr.
                                            (consolidated with 09-11548)

WALTER TOEBE CONSTRUCTION COMPANY,
POU, INC. d/b/a ACE STEEL ERECTORS, INC.,
S.B. INC., SHERMAN BROS. HEAVY TRUCKING,
SHERMAN BROS. TRUCKING, AND E.R. EXPRESS,

      Defendants and Counter-Plaintiff,

and

WALTER TOEBE CONSTRUCTION COMPANY,

      Cross-Plaintiff

v.

POU, INC., d/b/a ACE STEEL ERECTORS, INC.,
S.B. INC., SHERMAN BROS. HEAVY TRUCKING,
SHERMAN BROS. TRUCKING, AND E.R. EXPRESS

      Cross-Defendants.
_____/

ORDER

In the above-captioned lawsuit, the Plaintiff, American Bridge Manufacturing Company (ABM) alleges that two of the Defendants,[1] E.R. Express and Sherman Bros., breached their duties

---

[1] The complaint in Case No. 09-11548 identifies the Defendants as Walter Toebe Construction Company, POU, Inc. d/b/a Ace Steel Erectors, Inc., S.B. Inc., Sherman Bros. Heavy Trucking, Sherman Bros. Trucking, Inc. and E.R. Express.

1

in connection with their failure to deliver a steel beam to a Michigan construction site known to the parties as the I-96/Gateway Project (Gateway Project). In response, those two Defendants have claimed that a settlement and release executed on behalf of ABM by Fireman's Fund Insurance Company ("Fireman's Fund")[2] extinguished ABM's right to seek a claim against any party, including them.

On February 2, 2010, attorneys for Fireman's Fund filed a motion which, if granted, would allow it to intervene as a party to this lawsuit. As the basis for its request, Fireman's Fund asserts that it holds a substantial interest in the outcome of the litigation between ABM and the named Defendants. In its view, none of the current parties can adequately protect its position since it signed the release on ABM's behalf and, as a result, is now being sued by ABM in separate litigation. Fireman's Fund seeks to intervene based on Fed. R. Civ. P. 24.

For similar reasons, Fireman's Fund also asks the Court to consolidate this lawsuit with Case No. 09-14388, where ABM seeks damages against Fireman's Fund for issuing the settlement and release on ABM's behalf, but without its knowledge or consent. Fireman's Fund supports its request with Fed. R. Civ. P. 42(a), which allows a court, amongst other things, to consolidate two actions that "involve a common question of law or fact. . . ." In the view of Fireman's Fund, the question of whether the settlement and release extinguished ABM's claims against E.R. Express and Sherman Bros. presents a common question of law or fact that will be based on identical testimony and evidence. Accordingly, Fireman's Fund believes consolidation would be appropriate.

Both of Fireman's Fund's motions are opposed by Defendants Sherman Bros. and E.R.

---

[2] Fireman's Fund was ABM's insurer at the time and is a non-party to the above-captioned lawsuit.

Express, who argue that ABM's lawsuit against Fireman's Fund will be decided based on the insurance contract between those parties, not the terms of the settlement and release. In their view, consolidating the two cases will only complicate and confuse matters.

The Court held a hearing on March 8, 2010 for the purpose of addressing several other pending matters, including two requests for a summary judgment filed by Defendant E.R. Express and Defendant Sherman Brothers, and a motion to amend the complaint that has been filed by ABM. Fireman's Fund attended the March 8th hearing and made an oral request for the Court to grant its then-pending motion to intervene. For reasons that were stated on the record, the Court granted Fireman's Fund's motion to intervene into the lawsuit between ABM and the above-named Defendants (Docket Entry No. 53).

Moreover, under Fed. R. Civ. P. 42(a), the Court finds that the request by Fireman's Fund to consolidate the two lawsuits is warranted. As noted above, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the two lawsuits present substantially similar claims raised by the same Plaintiff. In both cases, the interpretation of the settlement and release will play a central, if not dispositive, role in determining ABM's liability. Thus, the Court believes that consolidating the actions will promote efficiency and reduce the risk of inconsistent adjudication of this common factual and legal issue. *See generally, Carpenter v. GAF Corp.*, 16 F.3d 1218, *1 (6th Cir. 1994) (unpublished) ("Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources . . . .'") (*quoting Hendrix v. Raybestos-Manhattan*, Inc., 776 F.2d 1492, 1495 (11th Cir.1985)).

Therefore, Fireman's Fund's motion to consolidate Case No. 09-14388 with Case No. 08-14315 and 09-11548 is granted. Additionally, as noted above, Fireman's Fund's motion to intervene into the lawsuit between ABM and the above-named Defendants (Docket Entry No. 53) is granted. Fireman's Fund must file its response, if any, to the motions for summary judgment filed by E.R. Express and Sherman Bros. in Case No. 08-14315 on or before Monday, August 30, 2010 at 12:00 p.m. Replies to Fireman's Fund's response, if any, must be filed on or before Tuesday, September 7, 2010 at 12:00 p.m.

Finally, Fireman's Fund motion for a limited stay of the proceedings (filed as Docket Entry No. 8 in Case No. 09-14388) until the Court resolves the above-mentioned motions for summary judgment filed by E.R. Express and Sherman Bros. is granted.

IT IS SO ORDERED.

Dated: August 17, 2010　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 17, 2010.

　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　Case Manager

4